748 F.2d 1083
 36 Fair Empl.Prac.Cas. 569,
35 Empl. Prac. Dec. P 34,804
Frances JONES, Beverly Harder, Eleanor Murray, Linda Nickel,
and Mary Ruane, Plaintiffs-Appellees,
v.
TRUCK DRIVERS LOCAL UNION NO. 299, Defendant-Appellant.
 No. 83-1201.
 United States Court of Appeals,
Sixth Circuit.
 June 8, 1984.
Decided Nov. 29, 1984.
 
 Gerry M. Miller (argued), Marianne Robbins (argued), Goldberg, Previant, Uelmen, Gratz, Miller & Brueggeman, Milwaukee, Wis., Ted J. Cwiek, Hoffa, Chodak & Robiner, Detroit, Mich., for defendant-appellant.
 Ronald Reosti, Gary A. Benjamin (argued), Detroit, Mich., for plaintiffs-appellees.
 Before ENGEL and MERRITT, Circuit Judges and WEICK, Senior Circuit Judge.
 MERRITT, Circuit Judge.
 
 
 1
 In this sex discrimination case by union members against their union, the three questions raised on appeal are whether the District Court should have dismissed plaintiffs' Title VII claim because plaintiffs did not file charges with the EEOC, whether the 6 months statute of limitations found applicable in Delcostello v. Teamsters, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), should be applied retroactively to pending cases to dismiss plaintiffs' breach of duty of fair representation claim filed nine months after the alleged breach, and whether the conduct of the union violated Michigan's Elliott-Larsen Civil Rights Act. For reasons discussed below, we dismiss plaintiffs' Title VII and fair representation claims, and we remand plaintiffs' state claim to the District Court for further proceedings.
 
 I.
 
 2
 Plaintiffs, five women, were office clerical workers at the Detroit terminal of the Square Deal Cartage Co., a company engaged in the transportation of new automobiles to local dealerships. In August 1977, Square Deal was purchased by Cassens Transport, Inc., another company in the same industry. Plaintiffs were not retained by Cassens after the takeover. Square Deal's driver, yard, and garage workers, all of whom are male, were retained by Cassens. The defendant, a local Teamster union, represented the clerical as well as the driver, yard and garage workers.
 
 
 3
 When they worked at Square Deal, the driver and yard workers had the same seniority list, but the garage and office workers each had a separate list. At the time of the merger, Cassens had drivers and yard workers on separate seniority lists represented by the same local union, but Cassens had no garage workers and had only non-union office workers at its company headquarters in Illinois. In an effort to prevent any seniority and "bumping" problems as a result of the merger, the Central Southern Conference Automobile Transporters Joint Arbitration Committee recommended that Square Deal's drivers and yard workers be given an opportunity to bid on either driver or yard jobs at Cassens, and that Cassens should then prepare driver and yard workers seniority lists for the merged company, dovetailing the two companies' drivers and yard workers according to their respective years of service at either company.
 
 
 4
 The efforts of plaintiffs and their Union to persuade Cassens' management to retain plaintiffs in some capacity after the merger were unsuccessful. When plaintiffs became aware that Cassens might not retain them after the merger, plaintiffs met with Wilson Holsinger, a union business agent, who testified that he first learned in August 1977 that Cassens did not plan to retain the plaintiffs and that Cassens Vice President Shashek told him he did not want any Union employees in the office and believed the work in the computerized Cassen office in Illinois to be beyond plaintiffs' abilities. Holsinger filed a grievance on behalf of the office workers, but plaintiffs testified he discouraged them from applying to do yard work at the merged company even though workers on the old Square Deal combined driver and yard worker list could obtain "extra" work without seniority in the garage and garage workers could obtain temporary work in the yard or as drivers. Without any union representative present, plaintiffs met with Shashek who denied plaintiffs' requests to work in either Cassens' office or in the yard.
 
 
 5
 In early 1978, four plaintiffs filed against Cassens unfair labor practice charges with the NLRB and Title VII sex discrimination charges with the EEOC. The EEOC issued right to sue notices against Cassens on January 22, 1979. None of the plaintiffs filed unfair labor practice or Title VII charges against the Union with the NLRB or the EEOC. They settled their unfair labor practice case against Cassens.
 
 
 6
 On November 13, 1978, plaintiffs filed a complaint in the Circuit Court of Wayne County, Michigan, alleging a state claim and a federal claim. They alleged that Cassens and the Union had violated Michigan's Elliott-Larsen Civil Rights Act, Mich. Comp. Laws Ann. Sec. 37.2101 et seq. (1983), and that the Union had violated Section 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185, by breaching its duty of fair representation. The Union removed the case on November 30, 1978, to the United States District Court for the Eastern District of Michigan. Plaintiffs then filed an amended complaint in which they alleged that Cassens and the Union had violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq.
 
 
 7
 At the close of plaintiffs' evidence at trial, the District Court granted the Union's Rule 41(b) motion dismissing plaintiffs' Title VII claim because of plaintiffs' failure to file charges against the Union with the EEOC. The District Judge later issued a long, emotion-ladened opinion. Relying on Zipes v. T.W.A., 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), she reinstated plaintiffs' Title VII claim because plaintiffs were "misadvised (either willfully or inadvertently) by every source of representation with which they consulted until they reached the judicial process, and will not be penalized here by a technical requirement." (App. at 14A). The District Judge also held that both Cassens and the Union had violated Title VII and the Elliott-Larsen Civil Rights Act and that the Union had breached its duty of fair representation. After the District Court issued its damages award in the amount of $365,334.23,[1] both defendants appealed to this Court. Cassens settled its case and dismissed its appeal.
 
 II.
 
 8
 The District Court's decision to reinstate plaintiffs' Title VII claim misinterprets Zipes v. T.W.A., 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). In Zipes v. T.W.A., the Supreme Court held only that timely filing of a charge with the EEOC is not a "jurisdictional" prerequisite to a Title VII lawsuit, but rather is a requirement in the nature of a statute of limitations subject to equitable doctrines such as waiver, estoppel, and equitable tolling. Id. at 393, 102 S.Ct. at 1132. The Supreme Court did not suggest that the requirement could be set aside or waived in the discretion of the District Court.
 
 
 9
 Title VII provides that if after timely filing of a discrimination charge the EEOC is unable to obtain compliance with Title VII actions, "a civil action may be brought against the respondent named in the charge" by the person claiming to be aggrieved. 42 U.S.C. Sec. 2000e-5(f)(1). Filing an EEOC charge against a party is a necessary prerequisite to suit. It is well settled that a party not named in an EEOC charge may not be sued under Title VII unless there is a clear identity of interest between it and a party named in the EEOC charge or it has unfairly prevented the filing of an EEOC charge. See E.E.O.C. v. McLean Trucking Co., 525 F.2d 1007 (6th Cir.1975); Thornton v. East Texas Motor Freight, 497 F.2d 416 (6th Cir.1974); Eggleston v. Chicago Journeymen Plumbers, 657 F.2d 890, 908 (7th Cir.1981); LeBeau v. Libbey-Owens-Ford Co., 484 F.2d 798 (7th Cir.1973); Glus v. G. C. Murphy, 562 F.2d 880, 888 (3d Cir.1977).
 
 
 10
 Here the union did not prevent plaintiffs from filing an EEOC claim, and there is no basis for setting aside the requirement as "technical." Plaintiffs were aware of the Union's conduct at the time it filed its Title VII claim against Cassens. The Union's and Cassens' interests were not similar. The Union's separate interests in EEOC proceedings were prejudiced by the failure to file a charge against it; there is no way to know what action the EEOC would have taken respecting the Union or whether it would have issued a right to sue letter. Accordingly, we reverse the District Court's decision to reinstate plaintiffs' Title VII claim which we now dismiss.
 
 III.
 
 11
 In Delcostello v. Teamsters, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), the Supreme Court held that the six-month limitation period in Sec. 10(b) of the National Labor Relations Act, 29 U.S.C. Sec. 160(b), for filing unfair labor practice charges, is the appropriate statute of limitations for breach of duty of fair representation claims against unions. In Smith v. General Motors, No. 82-1822, Fulkerson, et al. v. International Harvester, No. 82-5676, McConnell v. Rainbo Baking Co., 747 F.2d 372, we decided en banc on November 2, 1984, that Delcostello applies retroactively to pending cases. We therefore dismiss plaintiffs' fair representation claim because plaintiffs failed to file their claim within the limitations period.
 
 IV.
 
 12
 In her opinion below, the District Judge focuses primarily on the federal claims and fails to make specific findings of fact and conclusions of law concerning the state claim under Michigan's Elliott-Larsen Act, Mich. Comp. Laws Ann. Sec. 37.2204(a)-(d). We are unable to determine on review which particular sections of that Act are at issue and what particular Union conduct the District Judge found to violate the Act. We are unable to determine from the opinion below whether the District Judge found that the Union's actions constituted illegal exclusion or expulsion from membership, classification or segregation of membership, efforts to cause or attempt to cause Cassens to violate the Elliott-Larsen Act, failure to adequately represent plaintiffs in the grievance process, or a combination of some or all of these prohibited activities. We therefore remand plaintiffs' state claim to the District Court for reconsideration in light of this opinion.
 
 
 
 [1]
 The District Judge also ordered reinstatement for four plaintiffs and contributions by the defendants, jointly and severally, to four plaintiffs' pension funds