772 F.2d 281
 38 Fair Empl.Prac.Cas. 1599,
38 Empl. Prac. Dec. P 35,519
Cathleen R. ROMAIN, Plaintiff-Appellant,
v.
Marvin KUREK, individually; Robert Teays, individually and
in any combination with other defendants d/b/a the White
Horse Inn, a corporate assumed name for Bania-Hensley,
jointly and severally, Defendants-Appellees.
 No. 84-1690.
 United States Court of Appeals,
Sixth Circuit.
 Argued Aug. 20, 1985.
Decided Sept. 18, 1985.
 
 Otis M. Underwood, Jr. argued, Oxford, Mich., for plaintiff-appellant.
 Kirk D. Falvay argued, Bloomfield Hills, Mich., for defendants-appellees.
 Before LIVELY, Chief Judge; CONTIE and WELLFORD, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal by the plaintiff from summary judgment in favor of the defendant Robert Teays in an action brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e, et seq., in which she charged discrimination on the basis of sex. Plaintiff was employed as a waitress at the "White Horse Inn," a bar and restaurant in Meramona, Michigan. She alleged that without any previous complaints concerning her work she was summarily discharged for being pregnant. In her complaint she stated that she had filed a complaint of sex discrimination with the Michigan Civil Rights Commission and had subsequently received a right to sue letter.
 
 
 2
 None of the defendants named in the district court action filed timely answers or other pleadings and the clerk entered a default. Thereafter the district court entered a default judgment finding all of the defendants jointly and severally liable and determining the amount of damages and attorney fees which plaintiff was to recover. The defendant Teays then entered his appearance and filed a motion to set aside the default judgment on the ground that he had not been brought before the court by either actual or constructive service. The district court granted the motion to set aside the default judgment "as to him" (Teays), but stated in the order that since joint and several liability had been adjudged against all the defendants, the default judgment would be set aside as to all. However, no order was ever entered specifically setting the default judgment aside as to the other defendants and in subsequent orders the district court noted that the case had been disposed of as to all defendants.
 
 
 3
 After Teays filed an answer and the parties engaged in some discovery, he filed a motion for summary judgment on the ground that the plaintiff had failed to name him, Teays, in her EEOC charge. Actually, since Michigan is a "deferral state," the charge was handled by the Michigan Civil Rights Commission. The district court granted the motion for summary judgment upon finding that the plaintiff had named only the White Horse Inn in her charge with the Commission and invoking the rule that suit may not be filed in the district court under Title VII against any party not named in the original discrimination complaint.
 
 
 4
 The district court relied principally on language by this court in Geromette v. General Motors Corp., 609 F.2d 1200 (6th Cir.1979), where we stated in dicta that a district court had properly dismissed an individual who was sued under Title VII along with his corporate employer because the individual had not been named in the original charge. The district court did not have the benefit of our decision of Jones v. Truck Drivers' Local Union No. 299, 748 F.2d 1083 (6th Cir.1984), when it made this ruling. In Jones we stated, "It is well settled that a party not named in an EEOC charge may not be sued under Title VII unless there is a clear identity of interest between it and a party named in the EEOC charge or it has unfairly prevented the filing of an EEOC charge." 748 F.2d at 1086 (citations omitted) (emphasis added).
 
 
 5
 In her affidavit in opposition to the motion for summary judgment the plaintiff stated that Teays was seated at a table with the two owners of the White Horse Inn and was the one who told her that she was discharged because she was pregnant. Plaintiff also attached to her brief in opposition to the motion for summary judgment a copy of a stock purchase agreement filed with the Michigan Liquor Control Commission by which the defendant Teays had agreed to purchase an interest in the White Horse Inn. Finally, the plaintiff filed an affidavit of the Director of the Enforcement Bureau for the Michigan Department of Civil Rights in which he stated it was the usual practice of the Civil Rights Commission not to permit a person bringing a charge of employment discrimination to name individuals nor to routinely investigate into the corporate ownership of an employer.
 
 
 6
 Upon consideration this court concludes that, taken together, the foregoing documents created a genuine issue of material fact as to whether there was a clear identity of interest between Teays and the White Horse Inn, the entity named in the charge of sex discrimination. We further conclude that there is no discrepancy between this holding and the statement in Geromette v. General Motors Corp. that the district court had properly dismissed an individual who had not been named in a complaint naming only the corporate employer. In Geromette there was no indication of an identity of interests between the individual defendant and the corporate employer other than the relationship of employer and employee.
 
 
 7
 The judgment of the district court is reversed, and the cause is remanded for further proceedings.