793 F.2d 1294
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NORMAN A. WHALER, JR., Plaintiff-Appellant,
v.
MELVILLE CORPORATION d/b/a CHESS KING, Defendant-Appellee.
 85-5625
 United States Court of Appeals, Sixth Circuit.
 5/13/86
 
 REMANDED
 M.D.Tenn.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
 BEFORE: KRUPANSKY and WELLFORD, Circuit Judges; and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Norman A. Whaler (Whaler) appealed from an order of the district court dismissing this action initiated pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq.
 
 
 2
 In March of 1980, Whaler was hired by the Hickory Hollow Chess King (Hickory Hollow Chess King), a men's clothing store in Antioch, Tennessee. Hickory Hollow Chess King was one of 436 clothing stores owned and operated by Chess King (Chess King). Chess King employed approximately 1,500 individuals nationwide and maintained its corporate offices in Worcester, Massachusetts. Chess King was a wholly owned division of the Melville Corporation (Melville). Melville's separate corporate headquarters were located in Harrison, New York.
 
 
 3
 Whaler was initially employed as a sales manager, advanced to assistant manager and was eventually promoted to manager of Hickory Hollow Chess King. On June 24, 1983 Whaler was discharged for allegedly abusing discount privileges.
 
 
 4
 On June 27, 1983, three days after his discharge, Whaler filed a discrimination charge with the EEOC, wherein he alleged that he had been discharged on the basis of his sex. Whaler's complaint named his employer as 'Chess King, 625 Bell Rd., Hickory Hollow Mall . . . Antioc, TN 37013' and noted that '[a]t the time of my discharge there were four persons employed at Hickory Hollow location, however, this is part of a large corporation.' On February 13, 1984, Whaler received a Right to Sue Notice from the EEOC.
 
 
 5
 On May 11, 1984, Whaler filed this action in federal district court naming as defendant 'Melville Corporation, d/b/a Chess King.' Plaintiff's complaint alleged (1) that he had been hired by Melville Corporation, d/b/a Chess King in March of 1980 as a sales representative at defendant's Hickory Hollow store; (2) that his termination was due to the unlawful and prohibited practices of the defendant in discriminating against male employees; and (3) that 'other Melville Corporation, d/b/a Chess King, stores in the district in which Nashville is located have and participate in a similar unlawful policy, practice and usage of hiring female managers, assistant managers and sales representatives on the basis that such female employees can better sell clothing to male customers who regularly patronize the retail clothing stores operated by defendant.'
 
 
 6
 On October 29, 1984, the defendant filed a motion to dismiss the complaint asserting (1) that the court lacked subject matter jurisdiction over Melville since it had not been named as a party in Whaler's EEOC charge, had no notice of the EEOC charge, and had no opportunity to conciliate; and (2) that the court lacked subject matter jurisdiction over Chess King because Hickory Hollow Chess King had not employed a sufficient number of individuals to be considered an 'employer' for Title VII jurisdictional purposes.
 
 
 7
 On May 28, 1984, the district court granted Melville's motion to dismiss. On that date, the Clerk dismissed the case and closed the file. On June 6, 1985, plaintiff filed a motion to reconsider. The district court denied plaintiff's motion on June 11, 1985 and this timely appeal followed.
 
 
 8
 On appeal, plaintiff contended that the district court erred in determining that Melville and Chess King did not constitute a single employer for Title VII jurisdictional purposes. In reviewing plaintiff's assertions, the court is mindful that the party seeking to invoke jurisdiction has the burden of proving that federal jurisdiction exists. Wegerer v. First Commodity Corp., 744 F.2d 719 (10th Cir. 1984).
 
 
 9
 Before initiating federal court action, an aggrieved employee must satisfy two jurisdictional prerequisites. First, the employee must file a timely charge of employment discrimination with the EEOC. Second, the employee must, within 90 days of receiving a right to sue notice, file his complaint 'against the respondent named in the [EEOC] charge.' 42 U.S.C. Sec. 2000e-5(f)(1). See Alexander v. Gardner-Denver Co., 415 U.S. 36, 47, 94 S.Ct. 1011, 1019, 39 L.Ed. 2d 147 (1974).
 
 
 10
 A party not named in the EEOC charges may not commence an action under Title VII unless there is a clear identity of interest between it and a party named in the charge or it has unfairly prevented the filing of the EEOC charge. Jones v. Truck Drivers Local Union No. 299, 748 F.2d 1083, 1086 (6th Cir. 1984). The purpose for the requirement is to afford the defendant notice of the charges and an opportunity to participate in EEOC conciliation proceedings. Eggelston v. Chicago Journeyman Plumbers, 657 F.2d 890, 905 (7th Cir. 1981) cert. denied, 455 U.S. 1017 (1982).
 
 
 11
 In Armbruster v. Quinn, 711 F.2d 1332 (6th Cir. 1983), this circuit stated that the degree of interrelationship between two corporate entities determines if they are a 'single employer' for Title VII jurisdictional purposes. To resolve the issue, the trial court must consider whether the controlling corporation 'exercises a degree of control that exceeds the control normally exercised by a parent corporation which is separate and distinct from the subsidiary corporate entity' by assessing the degree, scope and character of their (1) interrelated operations; (2) common management; (3) centralized control of labor relations; and (4) common ownership. Id. at 1338. Although each criteria is in and of itself 'indicative of interrelation and . . . control over the elements of labor relations is a central concern,' the presence or absence of any single factor is not dispositive. Id. at 1337.
 
 
 12
 In granting Melville's motion to dismiss, the district court determined that Chess King and Melville could not be considered a single employer for Title% vii/ jurisdictional purposes because plaintiff failed to prove common management and because plaintiff failed to present any significant probative evidence tending to demonstrate that Melville exercised centralized control over Chess King's labor relations.
 
 
 13
 The record disclosed that the district court failed to support its judgment of dismissal of plaintiff's cause of action against Chess King with findings of fact and conclusions of law as mandated by Federal Rule of Civil Procedure 52. Accordingly, the case is REMANDED for compliance with Rule 52 and for the additional purpose of according the district court the opportunity to consider the merits of permitting the plaintiff to amend his complaint to name an appropriate defendant.