**Melvin BULLARD, Plaintiff,**

v.

**SERSTEL CONSTRUCTION CO. and International Laborers' Local Union No. 81, Defendants.**

**Civ. No. H–83–703.**

United States District Court, N.D. Indiana, Hammond Division.

Nov. 12, 1986.

---

Ruth Hennage, Portage, Ind., for plaintiff.

Duane Hartman, Blachy, Tabor, Bozik & Hartman, Valparaiso, Ind., Lee J. Christakis, Gary, Ind., Wm. R. Groth, Neil Grath, Indianapolis, Ind., for defendants.

## ORDER

MOODY, District Judge.

This matter is before the court on a Motion for Summary Judgment and a Motion to Amend Answer filed by defendant International Laborers' Local Union No. 81 (Union) on September 11, 1986. Along with its motions, the Union submitted the affidavits of its attorney, William R. Groth, and the Acting District Director of the Equal Employment Opportunity Commission (EEOC) for Indianapolis, Douglas J. Bielan. In response, plaintiff Melvin Bullard filed a memorandum in opposition to the Union's summary judgment motion on October 6, 1986. Bullard's memorandum was accompanied by the affidavits of Bullard and Tim Williams, an acquaintance of Bullard's. The Union filed a reply brief on October 14, 1986.

### I.

### *Background*

This action involves alleged discrimination in employment on the basis of race. Plaintiff was discharged from the employ of defendant Serstel Construction Company (Sercon) on April 30, 1982. On May 25, 1982, plaintiff filed Title VII charges against his ex-employer Sercon with the EEOC, however, plaintiff did not make any filing with the EEOC as to the Union. Finding no reasonable cause for suit on these charges, the EEOC issued a right-to-sue letter to plaintiff on March 29, 1983. On July 11, 1983, plaintiff, who was acting *pro se*, filed preliminary papers with this court seeking to pursue his Title VII claims in a private suit. Because the filings were defective, plaintiff was twice denied leave to proceed *in forma pauperis* and to file his complaint.[1] On November 7, 1983, the court granted plaintiff *in forma pauperis* status and the complaint was filed.

By order issued on August 13, 1984, this action was dismissed for failure to file suit within the statutory period. This dismissal was based on the erroneous assumption that plaintiff had made no attempt to bring suit prior to the November 7, 1983 filing. Upon discovery that its assumption was erroneous and that plaintiff had indeed attempted to file suit much sooner, this court reconsidered its dismissal order and, on December 13, 1984, granted plaintiff's motion to reinstate.

In his complaint filed with this court on November 7, 1983, plaintiff named both Sercon and the Union as defendants. Of critical importance here is the fact that plaintiff never filed a complaint with the EEOC as to the defendant Union. The Union now seeks summary judgment in its favor because of plaintiff's failure to file with the EEOC concerning the Union before filing his complaint with this court.

### II.

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, admissions and affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see Box v. A & P Tea Co.*, 772 F.2d 1372, 1375 (7th Cir.1985). The court must view the record and any reasonable inferences drawn from it in the light most favorable to the non-moving party. *P.H. Glatfelter C. v. Voith, Inc.*, 784

---

1. In orders entered August 3, 1983 and August 18, 1983, the court denied plaintiff leave to proceed *in forma pauperis* because the Financial Affidavit lacked complete and accurate responses and because the Title VII charges were submitted on a form complaint designed for initiating an action under 42 U.S.C. § 1983.

F.2d 770, 774 (7th Cir.1986). However, the plain language of Fed.R.Civ.P. Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* — U.S. ——, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

■ Title VII provides that if after timely filing of a discrimination charge the EEOC is unable to obtain compliance with Title VII actions, "a civil action may be brought against the respondent named in the charge" by the person claiming to be aggrieved. 42 U.S.C. § 2000e–5(f)(1). Filing an EEOC charge against a party is a necessary prerequisite to suit in federal court. *Mohasco Corp. v. Silver,* 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980); *Love v. Pullman,* 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972). "It is well settled that a party not named in an EEOC charge may not be sued under Title VII unless there is a clear identity of interest between it and a party named in the EEOC charge or it has unfairly prevented the filing of an EEOC charge." *Jones v. Truck Drivers Local Union No. 299,* 748 F.2d 1083, 1086 (6th Cir.1984); *see also Eggleston v. Chicago Journeymen Plumbers,* 657 F.2d 890, 908 (7th Cir.1981); *LeBeau v. Libbey-Owens-Ford Co.,* 484 F.2d 798 (7th Cir.1973); *Glus v. G.C. Murphy,* 562 F.2d 880, 888 (3d Cir.1977); *E.E.O.C. v. McLean Trucking Co.,* 525 F.2d 1007 (6th Cir.1975); *Thornton v. East Texas Motor Freight,* 497 F.2d 416 (6th Cir.1974).

It is undisputed in the instant action that plaintiff never filed with the EEOC concerning the Union. Likewise, neither party has alleged an "identity of interest" between the Union and Sercon so as to obviate the need of the EEOC filing. Accordingly, the Union has moved for summary judgment. In response, plaintiff argues that because of alleged misconduct by the Union it should now be estopped from asserting the lack of an EEOC filing as a bar to this action.

■ The filing of an EEOC charge is not a jurisdictional requirement; rather, it is a requirement subject to equitable doctrines such as waiver and estoppel. *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 392–98, 102 S.Ct. 1127, 1131–35, 71 L.Ed.2d 234 (1982); *E.E.O.C. v. Nevada Resort Association,* 792 F.2d 882, 887 (9th Cir.1986); *Janowiak v. Corporate City of South Bend,* 750 F.2d 557, 561 (7th Cir. 1984). Thus, a defendant who acted unfairly to prevent a plaintiff from filing of an EEOC charge will be estopped from raising the absence of an EEOC charge as a bar to the action in federal court. *Zipes,* 455 U.S. at 397, 102 S.Ct. at 1134; *Jones,* 748 F.2d at 1086.

■ Plaintiff alleges that the Union offered him employment if, in return, he would agree not to pursue his complaint against the Union. After being laid-off by Sercon on April 30, 1982, plaintiff went to the Union and filed a grievance against Sercon on May 7, 1982. According to deposition testimony, the Union requested plaintiff to sign a letter stating that he was satisfied with the Union's representation of his grievance. Plaintiff states that he refused to sign the letter at that meeting.

Plaintiff then filed an EEOC charge against Sercon on May 25, 1982. According to plaintiff's deposition, Virgil Goin, Business Manager for the Union, attempted to persuade plaintiff to sign the letter again. Then on June 8, 1982, plaintiff called the Union to ask about possible work. Plaintiff recalled the substance of that phone conversation in his deposition as follows:

> I called out to the union hall and talked to the secretary; when she got on the phone, she asked if I wanted to go out at midnight. She called me another name; she thought I was someone else when I called out there. I said, "This is Melvin Bullard;" and she said, "Wait a minute; I will let you talk to Virgil." So when I talked to him, it was, "Are you ready to come out and sign this paper yet?" He

said, "You can go out at midnight tonight." And so I said, "Yeah; I will come out; I will be out there in another hour." So I come out and sign the paper. They sent me out to U.S. Steel for about three months, and that was it; I haven't worked since.

Further, in support of his contention, plaintiff submitted his own affidavit and the affidavit of an acquaintance, Tim Williams. Plaintiff's affidavit states:

[I] did not file an EEOC charge against Local No. 81 because [I] was told by Virgil Goin, Business Manager of Local NO. 81, that if [I] did not proceed with an EEOC discrimination charge against the union, the union would make sure [I] got other employment.

Tim Williams' affidavit reads:

2. [I] was acquainted with the plaintiff in 1982 and was a member of Local No. 81 at that time.

3. [I] recall plaintiff telling [me] that he did not file EEOC charges against Local No. 81 because they offered him work.

Construing the foregoing evidence in the light most favorable to plaintiff, as the non-moving party, *P.H. Glatfelter C. v. Voith, Inc.,* 784 F.2d 770, 774 (7th Cir. 1986), the court finds that there is an unresolved factual issue as to the Union's alleged misconduct in interfering with plaintiff's filing of an EEOC charge. In response to plaintiff's allegations, the Union makes three arguments. First, the Union claims that plaintiff's version of what happened is not credible. The Union makes this argument in the face of plaintiff's deposition testimony and his two proffered affidavits. The Union has not offered any affidavits of its own. Instead, the Union contends that plaintiff had not paid his Union dues and, therefore, the Union was under no obligation to find work for plaintiff. Further, the Union contends that any alleged agreement between it and plaintiff not to file EEOC charges does not explain why plaintiff failed to file the EEOC charges after the union did not find him work. The union states, "All these unre-

solved questions cast doubt upon the credibility of [plaintiff's] assertion."

The court disagrees that the fact plaintiff had not paid his union dues somehow demonstrates, as a matter of law, that the Union did not interfere with or sway the plaintiff in filing the EEOC charges. The fact that the Union was under no legal obligation to uphold its end of the agreement does not show that the Union did not interfere with plaintiff's filing decision. The court does agree that there are "unresolved questions" on this issue and, because of those unanswered factual issues, the court finds that this case cannot be appropriately dealt with at the summary judgment stage.

The Union next argues that even if plaintiff's allegation of an agreement between himself and the union is taken as true, the plaintiff is not entitled to the equitable doctrine of estoppel because of his own misconduct in this case. The union points to plaintiff's apparent mistatements in his initial complaint against the Union wherein plaintiff represented that he did have a right-to-sue letter from the EEOC.

The court notes that at the time of filing his complaint, plaintiff was proceeding *pro se.* Plaintiff had received a right-to-sue letter as to defendant Sercon. It is a logical and natural inference to assume that a *pro se* litigant might think that the one right-to-sue letter was sufficient. After viewing the record and all reasonable inferences drawn from it in the light most favorable to the non-moving party, *P.H. Glatfelter C.,* 784 F.2d at 774, and without more of a showing of bad faith on the part of plaintiff, the court cannot find, as a matter of law, that plaintiff should be denied the relief of the equitable doctrine of estoppel.

To defeat a motion for summary judgment alleging that the absence of a right-to-sue letter bars an action in federal court, the party opposing the motion must demonstrate the existence of a disputed material fact that represents a genuine issue for trial. *Janowiak,* 750 F.2d at 561 (citing *Posey v. Skyline Corp.,* 702 F.2d 102, 105 (7th Cir.1983)). Construing the facts most

favorably to plaintiff, the court holds that plaintiff's claim that the union promised to find him work raises the question of whether the filing requirement should be equitably waived in this case. *Janowiak*, 750 F.2d at 561.

Therefore, the Union's motion for summary judgment is hereby DENIED.

### III.

A separate issue, addressed by the Union but not discussed by plaintiff, is whether or not the Union waived its right to raise the absence of the right-to-sue letter as a bar to this action. In its answer to the complaint, the Union admitted to the plaintiff's allegation that he had secured a right-to-sue letter against the Union. Because of this admission, the Union anticipated a waiver argument by plaintiff and submitted a motion to amend its answer to deny those particular allegations in plaintiff's complaint.

Usually, leave to amend pleadings should be freely given by a court. Fed.R.Civ.P. 15(a). However, having found that there is a factual dispute on whether or not the Union should be estopped from raising the lack of the right-to-sue letter as a bar to this action, the court finds that the Union's motion to amend should be taken under advisement until the estoppel issue is resolved.

### IV.

### CONCLUSION

It is, therefore, ORDERED that the Union's Motion for Summary Judgment is hereby DENIED. In addition, the court also ORDERS that the Union's Motion to Amend Answer shall be taken under ADVISEMENT.