983 F.2d 1066
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Franklin David HARRIS, Jr., Plaintiff-Appellant,
v.
Terry L. MORRIS, Warden; Dale Danvers; Esta Allen; Gary
F. Brown; Larry Hiles; Mike Wamsley; Dave Justice; John
Kimbler; Don Sargent; Michael Craig; Bill G. Seth;
Southern Ohio Correctional Facility; The Ohio Civil Service
Employers' Association, Defendants-Appellees.
 No. 91-4010.
 United States Court of Appeals, Sixth Circuit.
 Jan. 6, 1993.
 
 Before RALPH B. GUY, Jr. and ALAN E. NORRIS, Circuit Judges, and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff, Franklin Harris, resigned from his employment with the Southern Ohio Correctional Facility (SOCF) on July 9, 1987. Harris claimed his resignation was prompted by racial harassment and discrimination. He filed this action claiming violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), as well as violations of 42 U.S.C. §§ 1981, 1983, and 1985(3). Pendent claims under state law also were made. Named as defendants were SOCF; the Ohio Civil Service Employers' Association, AFSCME, Local 11, AFL-CIO (OCSEA or Union); and several individuals associated with SOCF or OCSEA.
 
 
 2
 Upon the recommendation of a magistrate judge, the claims against the Union defendants were dismissed. The court concluded that plaintiff had failed to pursue his claim administratively and had not secured a right to sue letter. Shortly thereafter, and for substantially the same reasons, the claims against the remainder of the defendants were dismissed. The pendent state claims were dismissed without prejudice once the basis for federal jurisdiction was gone.
 
 
 3
 On appeal, Harris contends that equitable tolling should have saved his Title VII action and that his §§ 1981, 1983, and 1985(3) claims were dismissed improperly.
 
 
 4
 Upon review, for the reasons hereinafter set forth, we conclude that the dismissal as to all federal claims was proper, except the dismissal of the section 1983 claims against defendants Morris, Allen, and Seth. We also reverse the dismissal of the pendent state claims.
 
 I.
 
 5
 We address first plaintiff's Title VII claims. It is undisputed that plaintiff did not file a charge before either the Equal Employment Opportunity Commission (EEOC) or the Ohio Civil Rights Commission (OCRC). It has been held repeatedly that a federal district court will have no jurisdiction over a Title VII employment discrimination suit until the statutory prerequisites to suit have been met. Alexander v. Gardner-Denver Co., 415 U.S. 36 (1974). One such prerequisite is the filing of an administrative charge.
 
 
 6
 Plaintiff would salvage his Title VII claim by arguing equitable tolling. Although the Supreme Court has acknowledged the applicability of the equitable tolling doctrine to Title VII actions, Zipes v. Trans World Airlines, Inc., 455 U.S. 385 (1982), the doctrine will be applied only in the most compelling circumstances. Puckett v. Tennessee Eastman Co., 889 F.2d 1481 (6th Cir.1989).
 
 
 7
 Harris argues the reason he filed no claim is that he received bad information from both the EEOC and the OCRC. There are two problems with this argument. First, plaintiff generally was aware of his rights and responsibilities as is evidenced by the fact that he made his first telephonic contact with the OCRC on the same day he terminated his employment.[1] Additionally, he had consultations about his claims with attorneys at two critical points before filing this lawsuit. This does not appear to be a case where equitable considerations are sufficient to excuse the failure to follow the statutory administrative procedures.
 
 
 8
 Second, even though equitable tolling may excuse a late filing, it will not excuse a total failure to file under the circumstances presented here. Jones v. Truck Drivers Local Union No. 299, 748 F.2d 1083 (6th Cir.1984). Although our decision in Jones is at least partially distinguishable on its facts from this case, other circuits have reached the same conclusion as we do here. For example, in Bullard v. Sercon Corp., 846 F.2d 463, 468 (7th Cir.1988), the court stated:
 
 
 9
 The wrinkle here is that Bullard didn't file an untimely administrative charge; he filed no charge. The availability of a defense of estoppel in such a case, although suggested by Jones v. Truck Drivers Local Union No. 299, supra, 748 F.2d at 1086, and EEOC v. Nevada Resort Ass'n, 792 F.2d 882, 887 (9th Cir.1986), and not necessarily excluded by our characterization of the requirement of filing an administrative charge as jurisdictional, seems dubious, to say the least.
 
 
 10
 The Title VII action was dismissed properly as to all defendants.
 
 II.
 
 11
 We turn next to plaintiff's claim under 42 U.S.C. § 1981. The district court dismissed this claim based upon the Supreme Court's decision in Patterson v. McLean Credit Union, 491 U.S. 164 (1989). In Patterson, the Court stated: "Section 1981 cannot be construed as a general proscription of racial discrimination in all aspects of contract relations, for it expressly prohibits discrimination only in the making and enforcement of contracts." Id. at 176.
 
 
 12
 As in Patterson, the conduct about which plaintiff complains here is postformation conduct relating to the terms and conditions of continuing employment. When the conditions of employment are under attack, Patterson teaches that section 1981 has no application.
 
 III.
 
 13
 In considering plaintiff's section 1983 claim, we must consider it as it relates to the Union separately from its application to the other defendants. As to the Union and Union individual defendants, the district court concluded that the requisite state action required for a section 1983 action was not present. We agree. The Union and its officers were not acting under color of law, notwithstanding that they represented state employees.
 
 
 14
 The analysis as to the rest of the defendants differs because admittedly they were all acting under color of law. Not all acts done under color of law are within the purview of section 1983, however. In Will v. Michigan Department of State Police, 491 U.S. 58 (1989), the Supreme Court concluded that states and state agencies were not "persons" for purposes of section 1983 litigation. The same result could have been reached by applying the immunity afforded to states by the Eleventh Amendment. Since SOCF is a state agency, the section 1983 action properly was dismissed as to it.
 
 
 15
 The district court in the instant case dismissed the action against the individual state defendants on the basis of their having been sued in their official capacities: "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will, 491 U.S. at 71. Thus, the district court concluded such an official capacity suit is barred either by the Eleventh Amendment or because "official capacity suits" do not qualify as suits against "persons" under section 1983.
 
 
 16
 We have a problem with this analysis. First, Harris does not state in his complaint that he is suing any of the individual defendants in their official capacity. In this regard, however, we stated in Wells v. Brown, 891 F.2d 591 (6th Cir.1989):
 
 
 17
 [T]he face of a complaint must indicate whether a plaintiff seeks to recover damages from defendants directly, or to hold the state responsible for the conduct of its employees. Although modern pleading is less rigid than in an earlier day, we have not let down all pleading barriers. It is not too much to ask that if a person or entity is to be subject to suit, the person or entity should be properly named and clearly notified of the potential for payment of damages individually.
 
 
 18
 ....
 
 
 19
 Accordingly, because the Eleventh Amendment places a jurisdictional limit on federal courts in civil rights cases against states and state employees, we understand Rule 9(a) to require plaintiffs to properly allege capacity in their complaint.
 
 
 20
 Id. at 593 (emphasis added; citations omitted).
 
 
 21
 Wells is not the only case to address this issue. In a later case, Ritchie v. Wickstrom, 938 F.2d 689 (6th Cir.1991), we had occasion to revisit the issue of "official" versus "individual" capacity lawsuits. Ritchie was directed, in part, at a misreading of another of our "official capacity" cases, Cowan v. University of Louisville School of Medicine, 900 F.2d 936 (6th Cir.1990), which was decided after Wells. In Ritchie, we stated:
 
 
 22
 In order for a person to be sued in a section 1983 action, he must be acting under color of law. Historically, many plaintiffs pleaded the element of "color of law" by stating a defendant was acting in an "official capacity," because it follows ipso facto that one acting in an official capacity for a governmental unit is acting under color of law. It is only recently that this method of pleading the "color of law" element has become a problem. Cowan does not stand for the proposition that every time a state official is charged with misconduct while acting within the general ambit of his job title eleventh amendment immunity comes into play. All that was intended in Cowan was to indicate that in that case the two individual defendants were merely carrying out state policy and, as such, the suit was no different than if it was brought solely against the state.
 
 
 23
 938 F.2d at 692. Addressing Wells in a footnote, we stated further: "We do not find this holding to be inconsistent with Wells v. Brown, 891 F.2d 591 (6th Cir.1989), when Wells is read against the clear mandate of the relevant Supreme Court decisions." Ritchie, 938 F.2d at 692 n. 5.
 
 
 24
 Although the plaintiff's complaint is not a model of clarity, we believe as to three defendants--Morris, Seth, and Allen--the pleadings are interpreted properly as alleging a cause of action against them in their individual capacities under section 1983.[2]
 
 
 25
 Since the claims against these three individuals under § 1983 were dismissed on the basis of the Eleventh Amendment following a determination that this was an "official capacity" suit, we reverse. Our reversal is not intended to pass judgment on any other deficiencies, if any, that may be inherent in this claim.
 
 IV.
 
 26
 The last claim we address is plaintiff's section 1985(3) claim. Since there are no allegations sufficient to sustain this claim against the Union defendants, it appropriately was dismissed as to them. As to the state actors, it is not necessary to utilize section 1985(3) since this section is used to reach conduct, not under color of law, which violates protected rights. In short, whatever relief, if any, that is available to plaintiff against the three individual state actors remaining is available under section 1983. We therefore affirm the dismissal of all of plaintiff's section 1985(3) claims.
 
 V.
 
 27
 Since we have kept his action alive by finding a limited proper federal basis for jurisdiction, it means we must reverse the dismissal of the pendent state claims since their dismissal was predicated upon the absence of federal jurisdiction.
 
 
 28
 In sum, we AFFIRM the dismissal of the Title VII §§ 1981 and 1985(3) claims as to all defendants. We AFFIRM the dismissal of the section 1983 claims as to all defendants, except Morris, Seth and Allen. We REVERSE the dismissal of the pendent state claims.
 
 
 
 [1]
 Harris was told to file his charges by five o'clock, the closing time of the OCRC. Harris claimed he thought that meant five o'clock that day or never. The magistrate judge found this statement to be unbelievable, and so do we
 
 
 [2]
 Paragraph 12 of plaintiff's complaint reads:
 When Plaintiff made Defendants Morris, Seth and Allen aware of his complaints of racial discrimination, Defendants failed to investigate and/or act on said complaints and recommended disciplinary action against Plaintiff. Defendants, and each of them, continually placed Plaintiff in life threatening situations in and around the correctional facility, failed to investigate and/or act on Plaintiff[']s complaints of racial discrimination and consistently pursued disciplinary action for frivolous and fraudulent charges.
 (App. at 14).