Lela D. LOWRY, Plaintiff,

v.

John Dwight CLARK, Defendant.

Civ. A. No. 93–114.

United States District Court,
E.D. Kentucky,
at Lexington.

Feb. 11, 1994.

---

**19.** *Nettles v. Wainwright,* 677 F.2d 404, 410 (5th Cir.1982). *See Thomas v. Arn,* 474 U.S. 140, 150, 106 S.Ct. 466, 472, 88 L.Ed.2d 435 (1985).

**20.** *Nettles,* 677 F.2d at 410.

Johann F. Herklotz, Piper, Wellman & Bowers, Lexington, KY, for plaintiff, Lela D. Lowry.

Winifred L. Bryant, Gess, Mattingly & Atchison, Lexington, KY, for defendant, John Dwight Clark.

## OPINION AND ORDER

FORESTER, District Judge.

This matter is before the Court upon the motion of the plaintiff, Lela D. Lowry, to compel discovery and the motions of the defendant, John Dwight Clark, for summary judgment and for oral argument. Summary judgment is appropriate if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Lowry filed this action on March 15, 1993 against Clark and Toyota Motor Manufacturing, U.S.A., Inc. She alleges that she was subject to unwelcome verbal and physical sexual advances by Clark, an assistant general manager, during the course of her employment with Toyota at its Georgetown, Kentucky plant. She brought claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. sections 2000e to 2000e–17, and pursuant to state law. On November 22, 1993, this Court entered an agreed order dismissing the claims against Toyota because Lowry and Toyota had reached a settlement.

Title VII makes unlawful certain "employer" practices. 42 U.S.C. § 2000e–2(a). The term "employer" means "a person ... who has fifteen or more employees ... *and any agent of such a person.*" *Id.* at § 2000e(b) (emphasis added). In passing the Civil Rights Act of 1991, Congress extended monetary remedies, such as compensatory and punitive damages, to intentional discrimination claims based on gender and religion. *See id.* at § 1981a. Prior to the enactment of this Act, persons with sex discrimination claims under Title VII were limited to equitable remedies, such as reinstatement and back pay. *See* H.R.Rep. No. 102–40(I), 102nd Cong., 1st Sess. 65 (1991), *reprinted in* 1991 U.S.C.C.A.N. 549, 603.

■ In moving for summary judgment, Clark argues that Lowry may not assert a Title VII claim against him because Title VII does not impose liability on individual employees. As Clark points out, the Ninth Circuit Court of Appeals recently addressed this very issue in *Miller v. Maxwell's International, Inc.*, 991 F.2d 583 (9th Cir.), *petition for cert. filed*, 62 U.S.L.W. 3336 (Oct. 26, 1993) (No. 93–659). Plaintiff Miller brought a Title VII claim and a claim based on the Age Discrimination in Employment Act of 1967 against her employer and several other employees. The court held that Miller received all the relief to which she was entitled when she settled her claim with her corporate employer.

Addressing the Title VII claim, the *Miller* court recognized that the term "employer" includes the employer's "agent"; however, it agreed with the trial court that "the obvious purpose of this agent provision was to incorporate respondeat superior liability into the statute." *Id.* at 587 (brackets omitted); *see Sauers v. Salt Lake Co.*, 1 F.3d 1122, 1125 (10th Cir.1993) (when a plaintiff sues a supervisor under Title VII, the supervisor "operates as the alter ego of the employer, and the employer is liable for the unlawful employment practices"); *cf. Bell v. Chesapeake & Ohio Ry. Co.*, 929 F.2d 220, 224 (6th Cir. 1991) (employer liable for harassment by its

employee under respondeat superior theory when it knew or should have known about harassment and failed to implement corrective action). *See generally* H.R.Rep. No. 914, 88th Cong., 2d Sess. (1964), *reprinted in* 1964 U.S.C.C.A.N. 2391, 2401 (explanation of "employer" term in report does not include discussion of "any agent" provision).

The court in *Miller* further explained its limited reading of Title VII:

The statutory scheme itself indicates that Congress did not intend to impose individual liability on employees. Title VII limits liability to employers with fifteen or more employees ... in part because Congress did not want to burden small entities with the costs associated with litigating discrimination claims. If Congress decided to protect small entities with limited resources from liability, it is inconceivable that Congress intended to allow civil liability to run against individual employees.

... Although one court has determined that this holding would encourage supervisory personnel to believe that they may violate Title VII with impunity, the court's reasoning is unsound. No employer will allow supervisory or other personnel to violate Title VII when the employer is liable for the Title VII violation. An employer that has incurred civil damages because one of its employees believes he can violate Title VII with impunity will quickly correct that employee's erroneous belief.... There is no reason to stretch the liability of individual employees beyond the respondeat superior principle intended by Congress.

991 F.2d at 587–88 (citations and quotation marks omitted). Even the dissenting judge seemed to recognize that the significant revision in the Civil Rights Act of 1991 in which Congress placed compensatory damage limitations upon employers based on the number of employees indicates that individual employees are not liable under Title VII. *See id.* at 589 (Fletcher, J., dissenting) (citing 42 U.S.C. § 1981a(b)(3)(A)–(D)) (her objections to the majority opinion concern primarily the dismissal of the age discrimination claim).

The court in *Miller* also emphasized that many of the courts that have held individual supervisors liable found liability only in the individuals' "official" capacities. *Id.* at 587. In *Harvey v. Blake,* 913 F.2d 226, 227–28 (5th Cir.1990), for example, the court held that, when a supervisor's liability under Title VII is premised upon her role as the employer's agent, any recovery must be in the supervisor's official, not her individual, capacity. If a supervisor is liable in her official capacity, she is liable only as a surrogate for the employer. *See Monell v. Department of Social Services,* 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 2035 n. 55, 56 L.Ed.2d 611 (1978). Other courts follow this official capacity limitation. *See York v. Tennessee Crushed Stone Ass'n,* 684 F.2d 360, 362 (6th Cir.1982) (supervisory or managerial employee to whom employment decisions have been delegated by the employer may be sued in his official capacity); *see also Weiss v. Coca–Cola Bottling Co.,* 772 F.Supp. 407, 411 (N.D.Ill.1991) (allowing only official capacity suit as "the more reasonable view").

Lowry argues that *Miller* represents only a minority view, and she contends that the law of this Circuit permits recovery against individual employees under Title VII. In addition to two district court opinions that are not binding on this Court, Lowry cites *Romain v. Kurek,* 772 F.2d 281 (6th Cir. 1985). *Romain* is not contrary to *Miller.* Although the case caption indicates that plaintiff Romain sued certain defendants "individually," the parties apparently did not question, and the court did not address, whether individual employees are liable under Title VII. The district courts also did not directly confront the issue. *See Fauser v. Memphis Housing Authority,* 780 F.Supp. 1168 (W.D.Tenn.1991); *Kolb v. Ohio Dept. of Mental Ret. & Dev. Ctr.,* 721 F.Supp. 885 (N.D.Ohio 1989). Apparently, no court in this Circuit has issued a published opinion that openly supports Lowry's position. Lowry can merely point to cases in which courts seemed to have assumed that individual employees could be liable under Title VII.

Lowry also contends that the enactment of the 1991 Act with the expansion of monetary remedies somehow indicates congressional acceptance of individual employee liability. One court apparently found this argument

persuasive. In *Bridges v. Eastman Kodak Co.,* 800 F.Supp. 1172, 1180 (S.D.N.Y.1992), the court held that recovery against individual employees under Title VII is possible because the 1991 Act "authorizes the award of compensatory and punitive damages ... [which] are of a type that an individual can be expected to pay." The court refused to follow a more limited reading of Title VII because other courts had adopted that limited reading prior to the enactment of the 1991 Act. It explained that those courts often reasoned that individual supervisors or managers are liable only in their official capacities because Title VII at that time authorized only the type of relief that one would expect an employer to provide—reinstatement and back pay.

The *Bridges* court begs the question, however. Congress did not change the definition of "employer" in 1991, and expanding the type of available remedies does not alter the statutory definition. If Congress did not intend to allow recoveries against individual employees under Title VII before the passage of the 1991 Act, then it did not intend to create individual employee liability merely by providing for additional remedies. Moreover, as Clark points out, the placing of compensatory damage limitations upon employers based on the number of employees indicates that Congress did not intend to permit recoveries against individual employees for such damages.

■ Lowry also argues that adopting the holding of *Miller* may leave victims of employment discrimination without a remedy in certain instances where their employers can escape liability by showing that a supervisor's harassing actions were not foreseeable. *See, e.g., Kauffman v. Allied Signal, Inc.,* 970 F.2d 178, 184 (6th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 831, 121 L.Ed.2d 701 (1992). A mere showing that a plaintiff may be without a federal remedy, however, cannot support imposing Title VII liability if the statute does not create such liability. Although the purpose of Title VII admittedly is to eradicate employment discrimination, a court may not expand liability onto another class of persons merely to meet that purpose in the absence of a congressional directive. After all, Congress could have achieved eradication of discrimination with greater force by not excluding employers with less than fifteen employees and by not capping monetary damage awards, but it chose a more conservative path. Likewise, Congress did not intend to permit recovery against individual employees under Title VII.

■ This Court finds that the analysis of *Miller* is quite sound and adopts its holding that the "agent" provision in the statutory definition of "employer" only ensures that employers cannot escape respondeat superior liability. *See* 991 F.2d at 587. Like the plaintiff in *Miller,* Lowry received all the relief to which she was entitled when she settled her claim with her corporate employer, Toyota. The Court need not address Clark's alternative grounds for granting summary judgment on Lowry's Title VII claim. Moreover, the Court will not consider his remaining arguments in favor of dismissing Lowry's state law claims because it declines to exercise supplemental jurisdiction over those claims. *See* 28 U.S.C. § 1367(c)(3) (district court may decline to exercise supplemental jurisdiction over claims if it has dismissed the claim over which it had original jurisdiction). Dismissal of the state law claims is without prejudice to the refiling of those claims in state court.

Accordingly, the Court, being well and sufficiently advised, hereby ORDERS:

(1) Clark's motion for oral argument [docket entry ("DE") 45] is DENIED;

(2) Clark's motion for summary judgment [DE 46] is GRANTED, and summary judgment will be entered contemporaneously with this opinion and order in favor of Clark;

(3) Lowry's motion to compel discovery [DE 55] is PASSED AS MOOT; and

(4) the pretrial conference of February 14, 1994 and the jury trial of March 22, 1994 are SET ASIDE.

### *SUMMARY JUDGMENT*

In accordance with the opinion and order entered contemporaneously with this summary judgment, the Court hereby ORDERS AND ADJUDGES:

(1) summary judgment is entered in favor of the defendant, John Dwight Clark;

(2) the Title VII claim of the plaintiff, Lela D. Lowry, is DISMISSED WITH PREJUDICE;

(3) the claims based on state law of the plaintiff are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. section 1367(c)(3);

(4) this judgment is final and appealable, and no just cause for delay exists; and

(5) this matter is STRICKEN from the active docket.