NOT RECOMMENDED FOR PUBLICATION
File Name: 05a0163n.06
Filed: March 3, 2005

No. 04-5236

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

ANNABELLE L. REEDY,                          )
                                             )
    **Plaintiff-Appellant**                   )
                                             )
**v.**                                       )    **ON APPEAL** FROM THE UNITED
                                             )    STATES DISTRICT COURT FOR THE
**ODOM'S TENNESSEE PRIDE SAUSAGE,**          )    MIDDLE DISTRICT OF TENNESSEE
**INC.,**                                    )
                                             )
    **Defendant-Appellee**                    )
                                             )
                                             )


**BEFORE:**    **MERRITT and ROGERS, Circuit Judges; and HOOD,**[*] **District Judge**


    **MERRITT, Circuit Judge.**  Plaintiff, Anabelle L. Reedy, sued the defendant, Odom's

Tennessee Pride Sausage, Inc. ("Odom's"), for wrongful discharge under Title VII of the Civil

Rights Act of 1964. She was discharged after eight months as a production "coordinator" with

Odom's. The District Court granted summary judgment for defendant on each of the four claims

made by plaintiff. The parties have waived oral argument. For the reasons set forth in the

memorandum by the District Court, we affirm its judgment.

    Plaintiff's claims are described as follows on page 8 of her appellate brief:

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

> On July 22, 2002, Stonehocker [executive vice-president of Odom's] told Moorer [his assistant for human resources] that "Reedy was killing [the] business and we should let her go." Later that same day, Reedy met with Moorer to make a formal complaint against Kling regarding the [poor] performance appraisal Kling had given her. Reedy told Moorer that she had problems communicating with Kling and that Kling would get angry at her. She also stated that Kling's critical appraisal was in retaliation for her getting involved in a trucking matter outside of her job responsibilities and for the instructions that she e-mailed to a cold storage warehouse, both of which occurred when Kling was on vacation. She also stated that there was a "diversity issue here and a potential sexual harassment issue at stake." Reedy asserted that Kling mentioned to her that her job is "primarily a man's role and that [Reedy] need [sic] to be more, you know." Reedy also believed that there was a difference in the way Kling treated Eddie Carroll [another employee].

The four claims are (1) she was sexually harassed by her immediate supervisor, Steve Kling; (2) she was discharged because she is of Hispanic origin; (3) she was discharged because she is a woman; and (4) she was discharged in retaliation for complaining to Odom's management about Kling's treatment of her. We review the summary judgment *de novo.* We agree with the District Court that the material facts of the instant case are not in dispute.

There is no claim by plaintiff that her supervisor, Kling, made sexual advances toward her. Her claim is that he would on occasion hitch or pull up or "bunch" his pants in an unusual way in front of her and other female workers. Plaintiff did not complain to anyone in management about such sexual harassment until a week before her discharge, after she learned that Kling had given management a report that her job performance was very poor. Plaintiff has not described the sexual harassment conduct in her brief on appeal, and she did not allege or describe the offensive conduct in her complaint to the Equal Employment Opportunity Commission. We, therefore, agree with the District Court that plaintiff did not exhaust her administrative remedies before the EEOC on this claim and is foreclosed from raising this claim in federal court. *See Jones v. Truck Drivers Local*

*Union No. 299*, 748 F.2d 1083, 1086 (6th Cir. 1984) ("Filing an EEOC charge against a party is a necessary prerequisite to suit."). Even had plaintiff exhausted her administrative remedies, based on our review of the record we do not find any merit in this claim.

We have looked in vain in plaintiff's brief on appeal, and in the record below, for any statement of facts giving rise to an inference of discrimination based on her Hispanic background. No facts are recited that would create a dispute concerning racial or national origin discrimination; and, therefore, no factual basis has been stated that could support a verdict in plaintiff's favor on this theory. The District Court did not err in granting summary judgment on this claim.

The brief summarizing plaintiff's theory of the case states that Moorer conducted an investigation after his instructions from Stonehocker on July 22 and that Moorer interviewed a large number of employees, several of whom said that "Kling was often rude . . . and had an explosive temper in his interactions with employees generally, male and female." According to plaintiff's brief, these employees advised management that "Reedy wasted a lot of time," and "was having problems" with customers. The company also found out as part of the investigation "that she had 17 e-mails regarding a private real estate transaction" on the company computer. Furthermore, according to plaintiff's brief, the investigation revealed that "while at times her supervisor, Steve Kling, was confrontational and offensive, there was no proof of harassment, diversity prejudice or retaliation." According to plaintiff's brief, a week after the investigation began, "Moorer told Reedy that she was being terminated because (1) her performance was below standards, (2) she engaged in personal use of the computer at work, and (3) her [sic] problems with customers, specifically Americold."

After reciting these facts in her brief as reasons given by Odom's for discharging her after the investigation, plaintiff recites no material facts that indicate that the reasons given were pretextual. We, therefore, find no basis in the record or the arguments of plaintiff on appeal to reverse the District Court's conclusion that "the record is that Reedy was fired only after Moorer's investigation confirmed Reedy's poor work performance . . . ."

We have summarized the essential facts described by plaintiff that would give rise to her claim that a material dispute of fact exists concerning her discharge. Like the District Court, we find no material dispute of fact that would justify a jury trial on these issues. We, therefore, can find no factual or legal basis for reversing the summary judgment granted by the District Court.

Accordingly, the judgment of the District Court is affirmed.