**William E. SIMPSON, a Minor, etc., William H. Simpson, Plaintiffs-Appellants,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 71–1504.**

United States Court of Appeals, Sixth Circuit.

Feb. 4, 1972.

George R. Fleming, Clarksville, Tenn., for plaintiffs-appellants; S. McP. Glasgow, Jr., Glasgow, Adams & Taylor, Nashville, Tenn., Marks & Fleming, Clarksville, Tenn., on brief.

Ames Davis, Asst. U. S. Atty., Nashville, Tenn., for defendant-appellee; Charles H. Anderson, U. S. Atty., Ames

**692**

Davis, Asst. U. S. Atty., Nashville, Tenn., on brief.

Before PHILLIPS, Chief Judge, and WEICK and CELEBREZZE, Circuit Judges.

PER CURIAM.

Plaintiffs appeal from the dismissal of their Federal Tort Claims Act suit. We affirm.

The case arises out of the explosion of an army rifle grenade while in the possession of William E. Simpson, an almost nineteen year old college student at Austin Peay University at Clarksville, Tennessee. Simpson dropped the grenade to the pavement while showing it to another student. It exploded, severely injuring Simpson. Suit was filed by Simpson and his father against the United States.

Plaintiffs' proof showed the following: Simpson had obtained the grenade about four weeks earlier from Albert Carpenter, Jr., while they and two girls were hiking in a wooded area in Fort Campbell, a military reservation. Carpenter was the minor son of a Navy chaplain residing in the Clarksville Base Annex at Fort Campbell. Carpenter had come into possession of the grenade and had secreted it in the wooded area where Simpson and his companions were walking. This wooded area was adjacent to a training area which was off limits to civilians and was posted with signs to that effect.

Carpenter gave the grenade to Simpson. Carpenter did not testify and no evidence was introduced as to how, when or where he originally had obtained the grenade.

At the close of plaintiffs' proof the Government moved for judgment pursuant to Rule 41(b), Fed.R.Civ.P.[1] Judge L. Clure Morton granted the motion and dismissed the action on the ground that there was no proof of Government negligence.[2]

■ The standard for review of Rule 41(b) dismissal is the same as that of a judgment by the court at the close of all of the evidence. Ellis v. Carter, 328 F. 2d 573, 577 (9th Cir. 1964); Bach v. Friden Calculating Mach. Co., 148 F.2d 407, 411 (6th Cir. 1945).

■ The Federal Tort Claims Act, 28 U.S.C. § 1346(b) provides:

"[T]he district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

The language of the Act makes it clear that, as a predicate to liability, the proof must show the injury to have been caused by "a 'negligent or wrongful act or omission'" of a Government employee. Dalehite v. United States, 346 U.S. 15, 44–45, 73 S.Ct. 956, 972, 97 L. Ed. 1427 (1953).

In the present case, the record is barren of any evidence of the circumstances

---

1. "(b) Involuntary Dismissal: Effect Thereof.

. . . After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence."

2. Judge Morton also ruled that Simpson had been contributorily negligent or had assumed the risk. In light of our disposition of the case, we do not reach these issues.

under which Carpenter obtained the grenade. There is nothing in the record to establish or to indicate that he did so by reason of the negligence of any employee of the United States.

The doctrine of res ipsa loquitur is relied upon by plaintiffs. We find this and all other contentions of plaintiffs to be without merit.

Affirmed.