772 F.2d 908
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
PERFORMANCE COAL COMPANY, INC., PLAINTIFF-APPELLANT,
v.
VIRGINIA IRON, COAL AND COKE COMPANY, AND ANR COAL COMPANY,
A DELAWARE CORPORATION, DEFENDANTS-APPELLEES.
 NO. 84-5840
 United States Court of Appeals, Sixth Circuit.
 8/20/85
 
 E.D.Ky.
 AFFIRMED
 On Appeal from the United States District Court for the Eastern District of Kentucky, at London
 Before: KEITH and KENNEDY, Circuit Judges; and DOWD,* District Judge.
 PER CURIAM.
 
 
 1
 Plaintiff appeals from a judgment granting defendants' motion to dismiss pursuant to Fed. R. Civ. P. 41(b).[1] Plaintiff, the Performance Coal Company, Inc. ('Performance'), brought this contract action to recover $118,000 for coal that plaintiff allegedly sold to the defendants, Virginia Iron, Coal and Coke Company ('VIC') and ANR Coal Company ('ANR'). At the close of plaintiff's evidence, defendants moved for dismissal pursuant to Fed. R. Civ. P. 41(b). The District Court made oral findings of fact and conclusions of law and granted defendants' motion. The District Court later denied plaintiff's motion for a new trial. For the reasons set forth below, we affirm.
 
 
 2
 Performance, a Kentucky corporation, strip mines coal in Whitley County, Kentucky. VIC, a Delaware corporation, engages in various aspects of the coal industry, including production, leasing, purchasing, and sales. ANR, VIC's parent corporation, is also a Delaware corporation. The Pinnacle Coal Company ('Pinnacle') also played a central role in this controversy. Pinnacle bought coal for resale and operated a coal processing facility and tipple.
 
 
 3
 Between September and December of 1980, Pinnacle shipped more than 6,000 tons of coal, that Performance had mined, to various customers of VIC. Through Pinnacle, Performance received all but $118,000, the amount involved in this lawsuit. Performance claims it sold the coal to VIC. VIC denies it bought the coal from Performance. VIC contends it bought the coal from Pinnacle and that it paid Pinnacle for all the coal in question.
 
 
 4
 The question in this appeal is whether a contract existed between Performance and VIC. Performance contends that VIC's district sales manager, Dale Rucker, had the actual or apparent authority to purchase coal from Performance and did enter into a contract to purchase coal directly from Performance. In the District Court's analysis, 'what the case really comes down to is whether there was any kind of an agency relationship on the part of Mr. Rucker for the defendant, either VIC or ANR.' Applying Tennessee Gas & Transmission Co. v. Cooke, 306 Ky. 160, 206 S.W.2d 491 (1947), and May v. Ken-Rad Corporation, Inc., 279 Ky. 601, 131 S.W.2d 498 (1939), the District Court concluded that Rucker did not have any actual or apparent authority to buy coal from Performance.
 
 
 5
 The District Court also found that there was no documentation in plaintiff's records to reflect that VIC was actually the debtor. Performance's books and records reflect the fact that Pinnacle was the debtor, not VIC. Although the disputed transactions occurred in 1980 and Performance filed the complaint in this case on September 16, 1982, Performance's internal December 31, 1982 balance sheet listed an account receivable due from Pinnacle for $118,047.98. The District Court found 'that VIC paid off Pinnacle everything that it bought through Pinnacle, and Pinnacle was the party who really defaulted here . . ..' The District Court also stated that 'it wasn't until Performance saw that Pinnacle was defaulting on the deal that they ever contacted VIC.'
 
 
 6
 In reviewing a Rule 41(b) dismissal in which the district court has made findings of fact, this Court uses the same standard of review that it uses when reviewing a district court's findings of fact following a full trial. Hersch v. United States, 719 F.2d 873, 877 (6th Cir. 1983); Simpson v. United States, 454 F.2d 691, 692 (6th Cir. 1972). We may not disturb the District Court's findings of fact unless clearly erroneous. Hersch v. United States, supra; Maykuth v. Adolph Coors Co., 690 F.2d 689, 695 (9th Cir. 1982); Reimer v. Smith, 663 F.2d 1316, 1321 (5th Cir. 1981). Under Rule 41(b), the district court has 'the duty to weigh and evaluate the evidence.' Weissinger v. United States, 423 F.2d 795, 798 (5th Cir. 1970) (en banc). In evaluating the evidence, the district court does not make special inferences in favor of the plaintiff. Emerson Electric Co. v. Farmer, 427 F.2d 1082, 1086 (5th Cir. 1970).
 
 
 7
 Under the clearly erroneous standard, a reviewing court may reverse a finding of fact only when 'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.' United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). We have reviewed the District Court's findings and find them supported by the evidence. Accordingly, the judgment of the District Court is affirmed.
 
 
 
 *
 The Honorable David D. Dowd, Jr., United States District Court for the Northern District of Ohio, sitting by designation
 
 
 [1]
 Fed. R. Civ. P. 41(b) provides in pertinent part:
 After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52(a).