881 F.2d 1075
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donald C. CROCKETT, Plaintiff-Appellant,
v.
Fate THOMAS, Sheriff of Davidson County; County of
Davidson, Tennessee; Allen Yates; Mike Ayers;
Jack Gregory, Defendants-Appellees.
 No. 89-5026.
 United States Court of Appeals, Sixth Circuit.
 Aug. 11, 1989.
 
 1
 Before NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges, and RICHARD B. MCQUADE, Jr., District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Plaintiff brought a civil rights action under 42 U.S.C. Sec. 1983 complaining of his treatment while incarcerated at the Metropolitan Nashville-Davidson County [Tennessee] Jail. The district court, following a magistrate's recommendation, initially dismissed all claims except those dealing with plaintiff's eighth amendment allegations (assault by jail personnel). The magistrate subsequently recommended that the claims against defendant Thomas in his official capacity be dismissed on the merits and that the remainder of the complaint be dismissed under Fed.R.Civ.P. 41(b) for lack of prosecution. The district court adopted the recommendation, over plaintiff's objection, and this appeal followed. The parties have briefed the issues, plaintiff proceeding pro se. In addition, plaintiff moves for the appointment of appellate counsel and defendants move to dismiss the appeal.
 
 
 4
 We note that defendants' motion to dismiss is not well made. Plaintiff filed, in response to the dismissal of November 1, 1988, a motion which we construe as a motion under Fed.R.Civ.P. 59. This motion, served within ten days of the dismissal, operated to stay the time for appeal. Plaintiff's notice of appeal from the denial of the motion was timely.
 
 
 5
 Plaintiff failed to file objections to the initial magistrate's report in which the magistrate recommended the dismissal of all claims except the eighth amendment/excessive force allegations. Under the circumstances, the failure to object waived further appellate review of this decision as adopted by the district court. Thomas v. Arn, 474 U.S. 140 (1985).
 
 
 6
 Plaintiff did object to the subsequent magistrate's recommendation, namely, that Sheriff Thomas be dismissed because he was joined in his official capacity only and that the remainder of the complaint be dismissed for want of prosecution. We find the dismissal of Sheriff Thomas proper for the reasons stated by the district court. We also find, however, that the Rule 41(b) dismissal was based on a clearly erroneous factual premise. The magistrate and the district court assumed that the withdrawal of the three attorneys appointed to represent plaintiff was due to plaintiff's lack of cooperation. The record reflects that this was true only as to the third appointee, Robert Greene. The first attorney, David High, withdrew because of a disagreement over the conduct of a prior criminal case in which he represented plaintiff. The second attorney, Richard McGee, asked to be relieved because of a conflict of interest. A Fed.R.Civ.P. 41(b) dismissal based on clearly erroneous factual findings is subject to remand. Romain v. Kurek, 836 F.2d 241, 245 (6th Cir.1987) (per curiam). This is particularly true in the absence of a prior warning of the impending dismissal and the lack of a clear record of contumacious conduct by plaintiff in the course of the litigation. Harris v. Callwood, 844 F.2d 1254, 1256 (6th Cir.1988).
 
 
 7
 Accordingly, the motions are denied. The district court's judgment dismissing the claims against defendants Yates, Gregory, and Ayers for lack of prosecution is vacated and remanded for further proceedings. The remainder of the judgment is affirmed. Rule 9(b)(5) and (6), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Richard B. McQuade, Jr., U.S. District Judge for the Northern District of Ohio, sitting by designation