999 F.2d 539
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Telzy L. DENNIS, Plaintiff-Appellant,
v.
BURLINGTON NORTHERN RAILROAD; Dennis Crossett; Phil
Thompson; Bo Sanders; Bill Bogan, Defendants-Appellees,
Jim Saturday, Defendant.
 No. 93-5200.
 United States Court of Appeals, Sixth Circuit.
 July 6, 1993.
 
 1
 Before MARTIN and SILER, Circuit Judges, and WEBER, District Judge.*
 
 ORDER
 
 2
 Telzy Dennis, a pro se appellant, appeals a district court judgment dismissing his employment discrimination suit filed pursuant to Title VII of the 1964 Civil Rights Act. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 This lawsuit stems from the fact that Dennis, a black male, was fired from his job as a switchman/brakeman with Burlington Northern Railroad (Burlington) on October 5, 1988. Dennis initially filed a charge with the Equal Employment Opportunity Commission (EEOC), naming Burlington as the only party who allegedly discriminated against him. The EEOC found that Dennis had not been discriminated against in violation of the statute; his appeal was denied.
 
 
 4
 Dennis then filed a complaint against Burlington and several of its employees, alleging race discrimination in connection with his employment termination. Service was never perfected as to defendants Crossett, Thompson, Sanders, Bender and Bogan, and those individuals never filed appearances in the district court proceedings. With respect to defendant Saturday, service was perfected but the district court dismissed Saturday from Dennis's lawsuit because he was not named in Dennis's EEOC charge.
 
 
 5
 In his complaint, Dennis alleged: (1) that he was retaliated against because he was hired as a result of a consent decree, and (2) that he was treated differently than other employees because of his race. With regard to his second argument, he indicated that he received inadequate on-the-job training because he is black, and that employees committed various racial acts against him such as using profanity and engaging in unsafe practices while working with him. The district court dismissed his case, finding that Dennis had not established a prima facie case of discrimination. In his timely notice of appeal, Dennis continues to argue the merits of his case.
 
 
 6
 Initially, it is noted that because Dennis did not file charges with the EEOC against any of the individual defendants except Burlington, they are not proper parties to his employment discrimination case and no exceptions apply. 42 U.S.C. § 2000e-5(e); Romain v. Kurek, 836 F.2d 241, 245 (6th Cir.1987) (per curiam).
 
 
 7
 Upon review, we affirm the district court's judgment because there is no genuine issue of material fact and the defendant is entitled to judgment as a matter of law. Fed.R.Civ.P. 55(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Dennis's retaliation claim is premised upon mere conclusions and opinions, and as such, fails to state an adequate claim for relief. See Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987). Because Dennis's remaining claims allege that he was treated differently than other employees because of his race, the district court properly analyzed these claims under a disparate treatment theory, where proof of intentional discrimination must be shown. Shah v. General Electric Co., 816 F.2d 264, 267 (6th Cir.1987). However, Dennis has failed to prove a prima facie case of discrimination. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Furthermore, even if Dennis had proved a prima facie case of discrimination as set forth in McDonnell, Burlington produced evidence showing that Dennis's termination was based on a legitimate, nondiscriminatory reason. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981). Dennis has not produced evidence sufficient to demonstrate that the legitimate, nondiscriminatory reason was pretextual. Id.
 
 
 8
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Herman J. Weber, U.S. District Judge for the Southern District of Ohio, sitting by designation