EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,

v.

CARE CENTERS MANAGEMENT CONSULTING, INC., and Christian Care Center of Johnson City, Inc., Defendants.

No. 2:12–CV–207.

United States District Court, E.D. Tennessee, at Greeneville.

April 29, 2013.

Anica C. Jones, Equal Employment Opportunity Commission, Nashville, TN, Faye A. Williams, Joseph M. Crout, Matthew H. McCoy, Equal Employment Opportunity Commission, Memphis, TN, for Plaintiff.

David Harvey, Steven H. Trent, Mark A. Fulks, Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, Johnson City, TN, for Defendants.

## MEMORANDUM

CURTIS L. COLLIER, District Judge.

Before the Court is a motion to dismiss and/or in the alternative motion for summary judgment filed by Defendant Care Centers Management Consulting, Inc. ("CCMC") pursuant to Rules 12(b)(1), 12(b)(6), and 56 of the Federal Rules of Civil Procedure (Court File No. 6). CCMC seeks dismissal, *inter alia*, because it contends it is not the aggrieved party's "employer." Plaintiff Equal Employment Opportunity Commission ("EEOC") submitted a response (Court File No. 10), and Defendant CCMC filed a reply (Court File No. 12). After considering the parties' arguments and the relevant case law, the Court will **DENY** CCMC's motion to dismiss and/or in the alternative motion for summary judgment (Court File No. 6).

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND [1]

On May 16, 2012, the EEOC filed a complaint on behalf of John/Jane Doe ("Doe"), the aggrieved party, alleging violations of Title I of the Americans with Disabilities Act of 1990 ("ADA"), as amended by the ADA Amendment Act of 2008 ("ADAAA"), and Title I of the Civil Rights Act of 1991 (Court File No. 1). Specifically, the EEOC alleges the defendants engaged in unlawful employment practices that include, but are not limited to, discharging Doe on the basis of disability—in this case, suffering from human immunodeficiency virus ("HIV").

With regard to CCMC and co-defendant Christian Care Center of Johnson City, Inc. ("Christian Care"), the EEOC alleges the two defendants "have operated as a single employer and/or integrated enterprise" (*id.* ¶ 4). In support of this contention, the EEOC alleges CCMC and Christian Care "share common ownership and common management, with J.R. Lewis serving as the president of both entities" (*id.*). The EEOC also contends the two parties "have the same principal address and mailing address listed with the Tennessee Secretary of State" (*id.*). The EEOC alleges they have "centralized control of labor relations and personnel issues" (*id.*). For example, it claims the employees of Christian Care "are directed in the employee handbook to contact 1–800–615–CARE with grievances of personnel issues that cannot be handled at the facility level" and that, "upon information and belief, 1–800–615–CARE is operated by [CCMC]" (*id.*). Finally, the EEOC alleges CCMC and Christian Care have "continuously been doing business in the State of Tennessee and Johnson City, and [have] continuously had at least 15 employees" (*id.*).

## II. DISCUSSION

CCMC seeks dismissal from the case on three separate grounds. First, CCMC contends the EEOC's complaint against CCMC should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction because Doe failed to exhaust his administrative remedies against CCMC.

---

1. Because the pending motion is limited to questions pertaining to CCMC's relationship to co-defendant Christian Care, the Court will only highlight facts alleged in the complaint relevant to CCMC's motion.

Second, CCMC seeks dismissal pursuant to Rule 12(b)(6) because the EEOC has failed to state a claim upon which relief can be granted given that CCMC was not Doe's employer. Finally, CCMC claims the EEOC's complaint against CCMC should be dismissed because there is no genuine dispute of any material fact with respect to whether CCMC was Doe's employer. The EEOC, on the other hand, contends the Court has subject matter jurisdiction because CCMC has common management and ownership with Christian Care, and CCMC substantially participated in the EEOC's conciliation and investigation process. The EEOC also avers its complaint sufficiently pleads the "single employer" or "integrated enterprise" theory to survive CCMC's motion to dismiss. Finally, the EEOC asks that the Court deny CCMC's motion for summary judgment at this stage so that discovery can proceed on this and other matters in the case. The Court will address each of CCMC's grounds for dismissal below.

## A. Rule 12(b)(1)

 CCMC first seeks dismissal pursuant to Fed.R.Civ.P. 12(b)(1).[2] Rule 12(b)(1) addresses whether the district court has subject matter jurisdiction over the plaintiff's claims. Fed.R.Civ.P. 12(b)(1). Under Rule 12(b)(1), a defendant may challenge this Court's subject matter jurisdiction through a facial attack or a factual attack. *Gentek Bldg. Prods., Inc. v. Sherwin–Williams Co.*, 491 F.3d 320, 330 (6th Cir.2007) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir.1990)). A facial attack "questions merely the sufficiency of the pleading." *Id.* A court must take the allegations in the complaint to be true when reviewing a facial attack. *Id.* On the other hand, where there is a factual attack, the Court must weigh conflicting evidence provided by the plaintiff and the defendant to determine whether subject matter jurisdiction exists. *Id.* Such evidence can include, and is not limited to, "affidavits, documents, and even a limited evidentiary hearing to resolve jurisdictional facts." *Id.* The party asserting that subject matter jurisdiction exists has the burden of proof. *Davis v. United States*, 499 F.3d 590, 594 (6th Cir. 2007). Here, CCMC contends it is challenging subject matter jurisdiction through a factual attack.

CCMC contends the EEOC's complaint should be dismissed because the aggrieved party Doe failed to exhaust his administra-

---

**2.** A party's failure to exhaust its administrative remedies in many recent contexts is no longer being treated as a jurisdictional bar. *See McKnight v. Gates*, 282 Fed.Appx. 394, 397 n. 2 (6th Cir.2008) (noting "the failure to exhaust administrative remedies ... is not a jurisdictional bar, but rather a condition precedent to an action in federal court"); *see also Newsome v. Holiday Inn Express*, 803 F.Supp.2d 836, 839 (W.D.Tenn.2011). However, because a large body of case law has developed in which failure to exhaust administrative remedies is a bar and that body of law has not been expressly overruled, the Court will proceed in the same fashion as other recent courts and consider CCMC's motion brought pursuant to Fed.R.Civ.P. 12(b)(1). *See McFarland v. Breads of the World, LLC*, 1:09–CV–929, 2011 WL 801815, at *4 n. 4 (S.D.Ohio Feb. 1, 2011), *report and recommendation adopted*, C–1–09–929, 2011 WL 801793 (S.D.Ohio Mar. 2, 2011) (noting that recent case law calls into question whether an inconsistency between a party's EEOC charge and civil complaint is a jurisdictional defect; however, the court then still proceeded to consider the inconsistency in the instant case as a jurisdictional matter in light of prior controlling case law). The Court does note, however, that under the more generous Fed. R.Civ.P. 12(b)(6) standard—where the Court must accept the EEOC's facts as true and view them in the light most favorable to the EEOC—the Court would be even more likely to conclude an identity of interest exists and/or at this stage CCMC's motion should be denied.

tive remedies against CCMC. CCMC claims it is not Doe's employer and Doe failed to name CCMC as its employer during the charge proceedings. CCMC further contends the naming of the employer in the charge is a jurisdictional requirement. Therefore, the fact that it was not named as Doe's employer in the charge or at any point during the investigative or conciliation process is sufficient grounds for dismissal. The EEOC, on the other hand, argues the Court is not barred from exercising subject matter jurisdiction simply because Doe did not name CCMC on the face of the charge. Instead, it argues the Court can proceed because CCMC and Christian Care "share a clear identity of interest as they share common management, directors, and ownership" (Court File No. 11 at 4).

Pursuant to 42 U.S.C. § 2000e–5, the EEOC can bring a civil action against a respondent named in the charge. However, it is well established that "a party not named in an EEOC charge may not be sued under Title VII unless there is a clear identity of interest between it and a party named in the EEOC charge...." *Jones v. Truck Drivers Local Union No. 299*, 748 F.2d 1083, 1086 (6th Cir.1984). Thus, a failure to comply with the naming requirement is excusable only if "an 'identity of interest' is found to exist between the named and unnamed parties." *Romain v. Kurek*, 836 F.2d 241, 245 (6th Cir.1987). This exception "acknowledges the reality that laymen, unassisted by trained lawyers, initiate the process of filing a charge with the EEOC, and accordingly prevents frustration of the remedial goals of Title VII by not requiring procedural exactness in stating the charge." *Id.* In this circuit, two tests are generally applied in determining whether the "identity of interest" exception applies. The first test, adopted from the Seventh Circuit, requires courts to consider whether "the unnamed party has been provided with adequate notice of

the charge under circumstances which afford him an opportunity to participate in conciliation proceedings aimed at voluntary compliance." *Id.* (citing *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 905 (7th Cir.1981)). The second test, adopted from the Third Circuit, sets forth four factors that the court can consider in determining the relationship between the unnamed and named parties when the charge was filed and conciliation was underway:

(1) [W]hether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint;

(2) [W]hether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings;

(3) [W]hether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party;

(4) [W]hether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Id.* (citing *Glus v. G.C. Murphy Co.*, 562 F.2d 880, 888 (3d Cir.1977)).

Before engaging in any analysis, there are a few additional facts of which the Court takes notice. First, underlying all of the EEOC's arguments is its theory that an identity of interest exists between Christian Care and CCMC due to the common management, directors, and ownership. And while not yet weighing upon whether this evidence is sufficient to satisfy the requirements of the "single employer" or "integrated enterprise" doctrine, the

Court will consider some of the related evidence in deciding the "identity of interest" issue. Of particular relevance is the fact that Christian Care and CCMC have the same president, J.R. Lewis (*see* Court File No. 7 at 11; Court File No. 11 at 12; Court File No. 12 at 7–8). Moreover, as noted in J.R. Lewis' declaration, he is also the sole director of CCMC and one of three directors for Christian Care (Court File No. 7–8). Moreover, he admits to having a shared ownership interest in Christian Care (*id.*). Despite these commonalities, however, Mr. Lewis contends Christian Care and CCMC are separate entities and that CCMC merely provides management consulting services for Christian Care (*id.*). The Court will take this information into account, along with other evidence, as it considers the two "identity of interest" tests.

■ Beginning with the first test, the primary issue is whether CCMC had adequate notice of the charge to afford it an opportunity to participate in the conciliation and compliance process. The charge only names Christian Care as the respondent. However, neither party disputes CCMC had notice of the charge. Various communications also support this conclusion, including two letters addressed to Cheryl Stewart, the Human Resources Client Services Manager for Care Centers Management Group.[3] The first letter dated February 25, 2010, was from the Tennessee Human Rights Commission ("THRC") informing CCMC that the THRC had received a complaint alleging employment discrimination (Court File No. 7–2). The letter informed CCMC that the charge would be transferred to the EEOC for further processing and explained the investigation process that would take place. Also attached to the letter was a request for information and a copy of the complaint (*see* Court File No 7–1), which raises specific allegations against Christian Care. The second letter dated June 3, 2010, was from the EEOC, which also included a request for information (Court File No. 7–2). Finally, the EEOC offers two additional pieces of correspondence between the EEOC and CCMC/Christian Care's counsel in which counsel appeared to use the entities' names interchangeably (*see* Court File No. 7–4; Court File No. 11–4 at 3–9).

While CCMC does not contend it lacked notice, it does claim such notice was insufficient to afford it an opportunity to participate in the conciliation process. Notably, CCMC points out that throughout the entire process only Christian Care was named as the respondent and all further communication during the conciliation process was directed at Christian Care (*see* Court File Nos. 7–5, 7–6, 7–7). CCMC's argument has some merit in that it was never directly invited to participate in conciliation. Thus, as a separate entity—or, as an entity whose management role may even involve it assisting with Christian Care's legal matters—it may not have been aware that the communications directed at Christian Care were also directed at CCMC. On the other hand, given the interrelatedness of the management and directors, as well as some of the other facts set forth supporting the EEOC's "single employer" or "integrated enterprise" theory-it would not have been totally unreasonable for CCMC to have concluded from the notice it received that it could or should have participated in the conciliation process. *See E.E.O.C. v. Jeff Wyler Eastgate, Inc.*, 1:03CV662, 2006 WL 2785774, at *5 (S.D.Ohio Jan. 9, 2006) (con-

**3.** As noted by the EEOC, CCMC was formerly conducting business under the name of Care Centers Management Group. The named changed in 2008 when CCMC filed its articles of amendment.

cluding the *Eggleston* test was satisfied and notice was sufficient because, among other things, the president of the entities was clearly in a position to participate, where he served as president of the named and most of the unnamed parties and the notifications were all sent to the same address).

Moreover, even if CCMC was not given sufficient notice under the *Eggleston* test, an identity of interest could still be established under the *Glus* test. With respect to the first factor, it is arguable that Doe even as a lay person could have determined CCMC's role when he filed his complaint through reasonable effort. Therefore, this factor weighs in favor of CCMC. However, the second factor—that is, whether CCMC and Christian Care's interests are so similar that it would have been unnecessary to include CCMC in the EEOC proceedings—weighs more in the EEOC's favor. While CCMC and Christian Care's interests may not be identical, there are enough similarities to satisfy this element. In particular, J.R. Lewis serves as the president of both entities, is a director for both entities, and has a shared ownership interest in Christian Care. Also noteworthy is the fact that while J.R. Lewis states in his declaration that he is not involved in the day to day operations of Christian Care (Court File No. 7–8) and Christian Care's Personnel Employee Handbook states that the president has delegated the day to day responsibilities to the administrator (Court File No. 7–11), the handbook also states "ultimate decision making authority" resides in Christian Care's president (*id.*). Thus, while J.R. Lewis contends he is not involved in making any employment-related decisions, the language in the handbook appears to leave open the possibility that Mr. Lewis may be involved in major decisions affecting all aspects of Christian Care's operations. Taking all of this into account, the Court concludes for purposes of the second factor

that CCMC and Christian Care's interests are similar enough that it would have been unnecessary to directly include CCMC in the EEOC proceedings. *See Boateng v. Apple Health Care, Inc.,* 156 F.Supp.2d 247, 253 (D.Conn.2001) (concluding the entities' interests were sufficiently similar and this factor of the *Glus* test was satisfied where the unnamed party managed the named party's accounting, legal, dietary, and nursing departments and the two entities shared the same president).

The third and fourth factors also weigh in favor of finding an identity of interest. With respect to the third factor, there is no indication of actual prejudice to CCMC given that it had notice of the proceedings even though it was not directly involved. Finally, with respect to the fourth factor, it is also reasonable to conclude that Christian Care represented, at least indirectly, to Doe that its relationship to Doe should be made through Christian Care. For example, the personnel handbook directs employees to call CCMC's hotline at 1–800–615–CARE in the event the employee is "confused, unsure, or unhappy" about an employment matter and the handbook or Christian Care staff are unable to resolve the employee's concern (Court File No. 7–11). However, the handbook then reiterates that the employee's "employer" is Christian Care. Thus, while the employee may be aware CCMC plays some role in labor-related issues, the employee would likely be under the impression that any problems it had with CCMC should be directed at Christian Care.

Although the evidence on this matter is limited, the EEOC has sufficiently shown that the shared ownership and management between CCMC and Christian Care, among other things, supports a determination that an identity of interest exists. Accordingly, the Court will **DENY** CCMC's motion to dismiss pursuant to

Fed.R.Civ.P. 12(b)(1). Whether the EEOC's theory and evidence is sufficient to establish that the "single employer" or "integrated enterprise" doctrine actually applies, especially when considered under the summary judgment standard, however, is yet to be seen. *Cf. Goddard v. Forest Dunes Mgmt., LLC*, 07–CV–10608–DT, 2007 WL 1218776, at *5 (E.D.Mich. Apr. 25, 2007) (concluding there were too many unknown facts for the court to even grant the defendant's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), but noting that if the defendants are "sufficiently inter-related" as alleged by the plaintiff, then an identity of interest may exist and the issue could be revisited under a Rule 50 or 56 motion).

## B. Rule 12(b)(6)

CCMC also contends the EEOC's complaint should be dismissed against it because the EEOC has failed to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). A Rule 12(b)(6) motion should be granted when it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 405 (6th Cir.1998). For purposes of this determination, the Court construes the complaint in the light most favorable to the plaintiff and assumes the veracity of all well-pleaded factual allegations in the complaint. *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir.2007). The same deference does not extend to bare assertions of legal conclusions, however, and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986).

The Court next considers whether the factual allegations, if true, would support a claim entitling the plaintiff to relief. *Thurman*, 484 F.3d at 859. Although a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Fed. R.Civ.P. 8(a)(2)), this statement must nevertheless contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Plausibility as explained by the Court "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679, 129 S.Ct. 1937 (quoting Fed.R.Civ.P. 8(a)(2)).

At issue here is whether the EEOC has sufficiently pleaded facts to show CCMC was Doe's employer under the "single employer" or "integrated enterprise" doctrine. The "single employer" or "integrated enterprise" doctrine allows two companies to be deemed "interrelated that they constitute a single employer subject to liability under the ADEA and/or the ADA." *Swallows v. Barnes & Noble Book Stores, Inc.*, 128 F.3d 990, 993 (6th Cir. 1997). In making this determination, courts can consider four separate factors: "(1) interrelation of operations, i.e. common offices, common record keeping, shared bank accounts and equipment; (2) common management, common directors and boards; (3) centralized control of labor relations and personnel; and (4) common

ownership and financial control." *Id.* (citing *York v. Tennessee Crushed Stone Ass'n,* 684 F.2d 360, 362 (6th Cir.1982)). Although the Court may consider all of the factors, "[n]one of these factors is conclusive, and all four need not be met in every case." *Id.* (citing *Armbruster v. Quinn,* 711 F.2d 1332, 1337–38 (6th Cir.1983), *abrogated by Arbaugh v. Y & H Corp.,* 546 U.S. 500, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006)). With that said, "control over labor relations is a central concern." *Id.*

 Here, after reviewing the facts pleaded in the EEOC's complaint with respect to CCMC, the Court concludes the EEOC has plausibly alleged facts supporting its "single employer" or "integrated enterprise" theory. First, to demonstrate the operations of Christian Care and CCMC are interrelated, the EEOC alleges the two entities listed the same principal address and mailing address with the Tennessee Secretary of State (Court File No. 1 ¶ 4). CCMC contends this bare bones allegation without more is insufficient to support the first factor of the *Swallows* test. In particular, CCMC notes that Doe's EEOC charge as well as Christian Care's response to the request for information show a different physical address for Christian Care. Even if this information was taken into consideration, particularly as it pertains to the Charge since it was referenced in the complaint, this does not take away from the fact that the two entities set forth a shared principal address to the state, which shows there may be common or interrelated aspects to their operations.

Second, with respect to factors two and four, the EEOC alleges J.R. Lewis is the president of both entities (*id.*). The EEOC claims this further shows common management, directors, ownership and/or financial control. CCMC, on the other hand, argues the EEOC has not specifically pleaded facts to support its allegations with respect to either factor. With respect to factor two, the Court agrees with the EEOC because Mr. Lewis' dual role with both entities could plausibly demonstrate there is common management. On the other hand, the Court agrees with CCMC that factor four could not be satisfied solely on this basis. In *Swallows,* the Sixth Circuit explained "[i]f neither of the entities is a sham then the fourth test is not met." *Id.* at 995. While Lewis may be in leadership over both CCMC and Christian Care, there are no facts to support the conclusion that the entities themselves constitute a sham. Thus, while the second factor has been met, the fourth has not.

Finally, with respect to the third factor, the EEOC alleges there is centralized control of labor relations and personnel. In support of this allegation, the EEOC offers as one illustration that Christian Care employees are "directed in the employee handbook to contact 1–800–615–CARE with grievances of personnel issues that cannot be handled at the facility level" and that, "upon information and belief, 1–800–615–CARE is operated by [CCMC]" (*id.*). CCMC contends this allegation is insufficient to support a conclusion that there is centralized control over employment matters where hotlines are commonplace and are often operated by independent contractors. The Court agrees that this fact by itself would probably be insufficient. However, considering the evidence put forth in support of all four factors as a whole, not just one or two factors in isolation, the Court concludes the complaint pleads plausible facts sufficient to support the EEOC's "single employer" or "integrated enterprise" theory. Therefore, CCMC's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) will be **DENIED**.

### C. Rule 56

Finally, CCMC requests that the Court consider additional evidence at this stage

and convert its motion to dismiss into a motion for summary judgment pursuant to Fed R. Civ. P. 56. A district court generally should not consider matters outside the pleadings when deciding a motion filed pursuant to Rule 12(b)(6). *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir.1997). However, Rule 12(d) of the Federal Rules of Civil Procedure provides that, with respect to a motion filed under Rule 12(b)(6), "if . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed.R.Civ.P. 12(d).

The EEOC, however, contends that the Court should not grant CCMC's request at this time pursuant to Rule 56(d). Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed.R.Civ.P. 56(d). Here, in a declaration offered by Matthew McCoy, trial attorney with the Memphis District Office of the EEOC, Mr. McCoy explains that to properly oppose CCMC's motion, the EEOC would need to "have the opportunity to engage in discovery, including propounding written discovery and taking depositions" (Court File No. 11–1 ¶ 10). In particular, Mr. McCoy states the EEOC intends to depose CCMC and Christian Care President J.R. Lewis, Christian Care Administrator Chuck Arnold, and Christian Care Director of Nursing Amanda Dexter to learn more about the interrelations between the two entities as well as the management of the daily operations (*id.* ¶¶ 11–13). The EEOC also intends to depose two Christian Care shareholders (*id.* ¶ 14). To date, however, neither initial disclosures have been exchanged nor has any discovery been conducted (*id.* ¶ 7). Thus, the EEOC requests that the Court deny CCMC's motion for summary judgment at this time so that the case can proceed and discovery can be conducted.

▇▇▇ After giving thought to both parties' arguments, the Court has decided to deny CCMC's motion. The Court certainly has authority to convert CCMC's motion to dismiss into a motion for summary judgment, and this has been done in similar contexts by other courts. However, the EEOC has identified sufficient reasons justifying the denial of CCMC's motion at this time. In particular, the Court observes that no discovery has been conducted in this case and the EEOC has identified specific individuals that it would need to depose before it could even put forth a valid defense to CCMC's motion. It is also significant that even if CCMC was to prevail on its motion the case would still move forward with Christian Care as a defendant. Therefore, to extend the stay in this case when discovery will inevitably need to be conducted is not an efficient use of party or judicial resources. With that said, the Court reaches no conclusion on the merits of CCMC's motion for summary judgment. Therefore, in the event CCMC determines there is no genuine dispute with respect to any material fact regarding the "single employer" or "integrated enterprise" doctrine, CCMC may assert this argument again in a dispositive motion after discovery has concluded. In the meantime, CCMC's motion for summary judgment will be **DENIED** as premature.

## III. CONCLUSION

For the foregoing reasons, CCMC's motion to dismiss and/or in the alternative motion for summary judgment (Court File

No. 6) will be **DENIED.** The Court also **LIFTS** the **STAY** in this matter. A revised scheduling order will be issued taking into account the time the case was stayed.

An Order shall enter.